[No. C039896. Third Dist. Feb. 27, 2003.]

KEELEY A. STEVENS, Plaintiff and Appellant, v.
DEPARTMENT OF CORRECTIONS, Defendant and Respondent.

## COUNSEL

Steven Smith for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Jacob Appelsmith, Assistant Attorney General, James McFetridge and Stacy Boulware Eurie, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**KOLKEY, J.**—Under California's Moore-Brown-Roberti Family Rights Act (hereinafter the CFRA), it is an unlawful employment practice for any covered employer to refuse to grant an eligible employee's request for "family care and medical leave." (Gov. Code, § 12945.2.)[1] A request for leave, however, must provide "at least verbal notice sufficient to make the employer aware that the employee needs CFRA-qualifying leave," although the employee need not expressly assert his or her rights under the CFRA or its federal counterpart, the federal Family and Medical Leave Act (the FMLA), or even mention the CFRA. (Cal. Code Regs., tit. 2, § 7297.4, subd. (a)(1).)

In this case, we consider whether an employee's request for *vacation* time over the Christmas holiday to visit his ailing parents constitutes sufficient notice that the employee needs leave to *care* for his parents, thereby triggering the protections of the CFRA. We hold that it does not. Indeed, an employee's request for vacation time over the a recognized holiday to *visit*

---

[1] Further undesignated statutory references are to the Government Code.

his ailing parents—without any reference to his intent to care for them—affirmatively suggests that this is not a CFRA-qualifying request. A misleading notice cannot be deemed an adequate notice. We therefore affirm the trial court's grant of summary judgment for the defendant employer.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Keeley A. Stevens (Stevens) is employed as a sergeant by the defendant, the Department of Corrections (the Department).

In October 1998, Stevens submitted a memorandum to Captain E. Morris, requesting a one-week vacation period to spend Christmas with his parents.

The subject line of the memorandum was "REQUEST FOR VACATION." The text read: "As you may or may not be aware, my family members all reside in the State of Michigan. During the past year, the health of both of my parents has deteriorated significantly and I anticipate each may pass away in the near future. I have not spent the Christmas holiday season with any family members since December 1977. I am[,] therefore, requesting a one[-]week vacation period for the week of December 21st through December 27th[,] 1998 in order to travel to Michigan to spend the Christmas [h]oliday with my family."

Morris returned the memorandum to Stevens a few days later with a handwritten note on it: "Sgt[.] Stevens[:] [¶] There are no open vacation slots for this week[.] Let me know if I can help you some other way."

Four months later, Stevens filed a grievance over the Department's vacation policy. At some point thereafter, he was reassigned to another position.

In July 2000, Stevens filed suit, alleging that the Department had violated the CFRA by denying his request for family leave and by retaliating against him after he filed his grievance.

The Department moved for summary judgment, or in the alternative, for summary adjudication of issues. In opposition, Stevens conceded his retaliation claim, but maintained that there was a triable issue of fact whether the Department had violated the CFRA by denying his vacation request and by failing to inform him that he might be eligible for leave under that law.

The trial court granted the Department's motion for summary judgment, concluding that "[n]o reasonable employer . . . would think plaintiff's request for vacation triggered a duty to notify plaintiff of his CFRA rights."

The court entered judgment for the Department, from which Stevens filed a timely appeal.

## DISCUSSION

### I. Standard of Review

■ "[G]enerally, the party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [107 Cal.Rptr.2d 841, 24 P.3d 493] (*Aguilar*).) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. [Fn. omitted.]" (*Ibid.*)

In determining the existence of a triable issue of material fact, the court does not weigh the plaintiff's evidence or inferences against those of the defendant but "must . . . determine what any evidence or inference *could show or imply to a reasonable trier of fact.*" (*Aguilar, supra,* 25 Cal.4th at p. 856.) Where a defendant moves for summary judgment against a plaintiff who bears the burden of proof, the defendant "must present evidence that would require a reasonable trier of fact *not* to find [the relevant] underlying material fact more likely than not—otherwise, *he* would not be entitled to judgment *as a matter of law* . . . ." (*Id.* at p. 851, fn. omitted, original italics.)

■ We thus must determine whether a reasonable trier of fact could find that the language of Stevens's memorandum, including any reasonable inferences arising therefrom, afforded the Department sufficient notice that Stevens was seeking CFRA-qualifying leave.

■ After a grant of summary judgment, "[w]e review the trial court's decision de novo, considering all the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [110 Cal.Rptr.2d 370, 28 P.3d 116].)

### II. Notice Under the CFRA

The CFRA, which is a part of the California Fair Employment and Housing Act (§ 12900 et seq.), provides in relevant part: "[I]t shall be an

unlawful employment practice for any employer . . . to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave." (§ 12945.2, subd. (a).)

"Family care and medical leave," as it relates to ailing parents, is defined as the following:

"(B) Leave to care for a parent or a spouse who has a serious health condition." (§ 12945.2, subd. (c)(3)(B).)[2]

Thus, to make out a claim under the CFRA based on the denial of leave with respect to an ailing parent, the employee must show that he or she is an eligible employee, who has made the requisite request for leave "to care for a parent . . . who has a serious health condition" (Gov. Code, § 12945.2, subd. (c)(3)(B)), which was denied by a covered employer. (Cal. Code Regs., tit. 2, § 7297.1, subd. (b)(1).)

Section 12945.2, subdivision (a), provides that the Fair Employment and Housing Commission "shall adopt a regulation specifying the elements of a reasonable request" for leave under the CFRA. Thus, the request for leave must be deemed reasonable. (Cal. Code Regs., tit. 2, § 7297.1, subd. (b)(1).)

California Code of Regulations, title 2, section 7297.1, subdivision (b)(2), provides: "A request to take a CFRA leave is reasonable if it complies with any applicable notice requirements, as specified in section 7297.4 . . . ."

In turn, California Code of Regulations, title 2, section 7297.4, subdivision (a)(1), describes the notice requirements of a reasonable request for CFRA leave as follows: "An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs CFRA-qualifying leave, and the anticipated timing and duration of the leave. The employee need not expressly assert rights under CFRA or FMLA, or even

---

[2]"Family care and medical leave" is defined in full as any of the following:

"(A) Leave for reason of the birth of a child of the employee, the placement of a child with an employee in connection with the adoption or foster care of the child by the employee, or the serious health condition of a child of the employee.

"(B) Leave to care for a parent or a spouse who has a serious health condition.

"(C) Leave because of an employee's own serious health condition that makes the employee unable to perform the functions of the position of that employee, except for leave taken for disability on account of pregnancy, childbirth, or related medical conditions." (§ 12945.2, subd. (c)(3)(A)-(C).)

mention CFRA or FMLA, to meet the notice requirement; however, the employee must state the reason the leave is needed, such as, for example, the expected birth of a child or for medical treatment. The employer should inquire further of the employee if it is necessary to have more information about whether CFRA leave is being sought by the employee and obtain the necessary details of the leave to be taken."

 Stevens claims that his "writing was sufficient that a reasonable employer would at least have reason to question what type of leave [he] was requesting and entitled to." He contends that "upon receipt of [his] vacation request [the Department] failed to make any further inquiry of him to get enough information, if more was actually needed, to determine if [he] was seeking and/or eligible for CFRA leave." At a minimum, he suggests that "there is an issue of fact upon which reasonable people could disagree" regarding the sufficiency of his notice.

We disagree. As noted in the regulations, "[a]n employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs CFRA-qualifying leave . . . ." (Cal. Code Regs., tit. 2, § 7297.4, subd. (a)(1).) In this case, the relevant CFRA-qualifying leave was "[l]eave to care for a parent . . . who has a serious health condition." (Gov. Code, § 12945.2, subd. (c)(3)(B).) But Stevens's request gave no hint of a desire to care for his parents. Instead, he asked for one week of vacation "to spend the Christmas [h]oliday with [his] family." That simply advised the Department that he sought vacation time.

The fact that his memorandum also noted that his parents' health had deteriorated significantly did not reasonably alert the Department of an intent to *care* for his parents, rather than to *visit* them over the holidays. His memorandum stated that his parents "reside in the State of Michigan," that their health "ha[d] deteriorated significantly," that they "may pass away in the near future," and that he had not "spent the Christmas holiday season with any family members since December 1977." In short, Stevens expressed a natural desire under the circumstances to visit his parents over the holiday because his parents might "pass away in the near future" owing to their poor health. But Stevens said nothing to suggest that he intended to care for his parents. Instead, his express request for a "vacation" to "spend" "the Christmas holiday" with his parents—who might "pass away in the near future"—undid any notice that the purpose of the trip was care and not a visit.

Indeed, the statutory language of the CFRA reveals that it is not triggered by a mere notice that a parent has a serious medical condition. The statutory

language makes clear that the employee must seek leave for the purpose of *providing care*: It requires "[l]eave *to care* for a parent . . . who has a serious health condition." (§ 12945.2, subd. (c)(3)(B), italics added.) This can be contrasted with the CFRA's provisions on leave concerning children. In that connection, section 12945.2, subdivision (c)(3)(A), defines "Family care and medical leave" to mean "[l]eave *for reason of* the birth of a child of the employee, the placement of a child with an employee in connection with the adoption or foster care of the child by the employee, or the serious health condition of a child of the employee." (Italics added; see fn. 2, *ante*, for the full text.) Thus, in the case of children, the event of a birth, an adoption, or a serious ailment justifies the leave, whereas in the case of a parent, the leave is not "for reason of" a parent's serious health condition, but "*to care* for a parent . . . who has a serious health condition." (§ 12945.2, subd. (c)(3)(B), italics added.) This contrasting juxtaposition in language makes sense since the mere occurrence of a child's birth, a child's adoption, or a child's serious ailment would itself justify leave for the child's parent. But the serious ailment of a parent does not necessarily demand leave for the child—unless the child is going to care for the parent. Accordingly, even if notice of a child's serious health condition could put an employer on notice that CFRA leave might be sought by the parent, the mere fact that the employee's parent is ill does not. In the context of an ailing parent, *reasonable* notice requires some communication, express or implied, by the employee that he or she seeks to care for the parent.

█ In fact, even in the context of leave for an employee's own serious health condition, the mere notice that an employee seeks to use sick time is insufficient to place the employer on notice that the employee seeks CFRA-qualifying leave. Leave for an employee's health condition requires a serious health condition that makes the employee unable to perform the functions of his or her position. (§ 12945.2, subd. (c)(3)(C).) In *Gibbs v. American Airlines, Inc.* (1999) 74 Cal.App.4th 1, 9 [87 Cal.Rptr.2d 554], even though the employee was later diagnosed with fibromyalgia, the Court of Appeal ruled that "[n]otice of flu symptoms is not notice of a need for CFRA-qualifying leave. An employer is not required to be a better diagnostician than are physicians, just as an ' "employer is not required to be clairvoyant." ' "

█ Here, too, faced with a memorandum asking for "vacation" time "in order to . . . spend the Christmas [h]oliday" with his ailing parents, the Department was not " ' "required to be clairvoyant" ' " that leave for purposes of care was sought. (*Gibbs v. American Airlines, Inc., supra,* 74 Cal.App.4th at p. 9.)

Finally, we note that when asked in deposition if, by his memorandum, Stevens was "just attempting to spend a Christmas with [his] family, [his]

entire family," Stevens testified that his vacation request was "an attempt to *spend Christmas with my ailing family,* because if you look up higher in the memo it states that my parents' health had deteriorated significantly and they probably would not survive another year. They would pass away in the near future is what it says." (Italics added.) Thus, Stevens himself did not interpret his memorandum as conveying an intent to care for his parents, but rather a desire to spend time with them.

Accordingly, Stevens's vacation request was insufficient as a matter of law to notify the Department that he sought leave to care for his parents in accordance with the CFRA. As a result, he did not trigger the protections under the CFRA, and summary judgment was properly granted. (*Aguilar, supra,* 25 Cal.4th at p. 850.)[3]

## DISPOSITION

The judgment is affirmed. The Department shall recover its costs on appeal. (Cal. Rules of Court, rule 27(a).)

Sims, Acting P. J., and Nicholson, J., concurred.

On March 21, 2003, the opinion was modified to read as printed above.

---

[3]Because we determine that Stevens's notice was insufficient, we need not reach the parties' contentions regarding whether Stevens was *caring* for his parents within the meaning of CFRA.